UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CASE NO.: 5:23-cv-4267

STACHE PRODUCTS, LLC,

        Plaintiff,

v.

TK VIENNA INC. DBA TOBACCO KING & VAPE

        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

STACHE PRODUCTS, LLC ("Plaintiff" or "Stache Products") by and through its undersigned counsel, brings this Complaint against Defendant TK VIENNA INC. DBA TOBACCO KING & VAPE ("Defendant") for patent infringement, and in support, alleges as follows:

### NATURE OF THE LAWSUIT

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell, or importation into the United States for subsequent use or sale of products, methods, processes, services or systems that infringe one or more claims of United States Patent Numbers 10,786,006, 11,497,244, 11,497,252, and D872,933 S (the "Patents").

### JURISDICTION AND VENUE

2. This is an action arising under the Patent Act and Lanham Act.

3. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

4. This Court has personal jurisdiction over the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement in this District.

## THE PARTIES

6. Plaintiff, Stache Products, LLC ("Stache Products"), is a Maryland limited liability company.

2. Stache Products is a company dedicated to offering innovative, high-quality smoking and vaporization products at a fair price.

3. Rodrigo Escorcia Santos ("Santos") is the owner of Stache Products. Santos assigned his intellectual property to Stache Products who offers RIG IN ONE ("RIO") devices for sale on its website https://stacheproducts.com/products/rio-matte-1.

4. Stache Products is engaged in product development for the smoking and vaporizer market, including grinders, 510 thread batteries, and portable glass rigs (device that is designed to use with waxes, oils, dabs, and concentrate of Cannabinoids.

5. Stache Products is a dab rig market leader specializing in portable dab rigs, and vape pen batteries perfect for discreet vaping on the go.

6. Defendant TK Vienna Inc. dba Tobacco King & Vape ("Vape Plus") is a Virginia corporation, has a regular and established business at 35 S. Willowdale Drive, #812, Lancaster, PA 17602, and can be served by servings its registered agent Saed Omar Salim Jr. at 15316 Dillwyn Ct, Woodbridge, VA 22193.

**PLAINTIFF'S PATENTS**

7.      Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 10,786,006 (the "'006 patent"), entitled "Vaporization Device." A copy of the '006 patent is attached hereto as **Exhibit 1**. An example of the "Vaporization Device" is shown below:



8.      Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 11,497,244 (the "'244 patent"). The '244 patent is a continuation of the '006 patent. A copy of the '244 patent is attached hereto as **Exhibit 2**.

9.      Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Patent Number 11,497,252 (the "'252 patent"). The '252 patent is a continuation of the '006 patent. A copy of the '252 patent is attached hereto as **Exhibit 3**.

10. Stache Products owns all rights, title and interests in, and has standing to sue for infringement of U.S. Design Patent Number D872,933 S (the "'933 patent") entitled "Vaporization rig." A copy of the patent is attached hereto as **Exhibit 4**.

11. Generally, the patents disclose a vaporization apparatus configured to support a vaporization rig.

12. The vaporization apparatus contains a heating element, comprises a body including a back end, a front end, and a top surface. The front end includes a hole that extends towards the back end, the hole being configured to support the heating element. The top surface defines a receptacle being positioned to align a heatable portion of the vaporization rig with a heat generating portion of the heating element.

## DEFENDANT'S PATENT INFRINGEMENT

13. Defendant imports, offers for sale, distributes, and sells one or more dab rig products that practice all the steps of at least one claim of the patents. An example of the dab rig product distributed by defendant is shown below:



14. Defendant's dab rig operates identically to Plaintiff's product which is protected by the Patents. Defendant's dab rig is an all-in-one rig device that flash heats cannabinoid concentrates to the point of vaporization, utilizing a torch, and then the cannabinoid concentrate is put on a hot surface and inhaled.

15. At all times during which Defendant imported, used, offered to sell, and sold dab rig products that infringe one or more claims of the patents, Defendant had knowledge of the patents.

16. Plaintiff has been irreparably harmed by Defendant's infringement of Plaintiff's valuable patent rights.

17. Defendant's unauthorized infringing use of Plaintiff's patented oral vaporizer has threatened the value of Plaintiff's intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from importing, making, using, selling offering to sell and/or importing the patented inventions.

18. Defendant's disregard for Plaintiff's patent rights similarly threatens Plaintiff's relationship with potential licensees of these patents.

19. Defendant will derive a competitive advantage from using Plaintiff's patented technology without paying compensation for such use.

20. Unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,786,006

21. Stache Products realleges paragraphs 1 through 20 of this Complaint, as fully and completely as if set forth herein.

22. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 10,786,006 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

23. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 10,786,006.

24. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

25. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,497,244,

26. Stache Products realleges paragraphs 1 through 20 of this Complaint, as fully and completely as if set forth herein.

27. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 11,497,244 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

28. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 11,497,244.

29. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

30. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 11,497,252,

31. Stache Products realleges paragraphs 1 through 20 of this Complaint, as fully and completely as if set forth herein.

32. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. 11,497,252 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

33. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. 11,497,252.

34. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

35. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S PATENT NO. D872,933 S

36. Stache Products realleges paragraphs 1 through 20 of this Complaint, as fully and completely as if set forth herein.

37. Within the six years preceding the filing of this Complaint, Defendant directly infringed at least one claim of U.S. Patent No. D872,933 S by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

38. Without limiting the foregoing, Defendant has infringed at least claim one of U.S. Patent No. D872,933 S.

39. Defendant's activities alleged in this Count have been without license, permission, or authorization from Plaintiff.

40. The activities of Defendant as set forth in this Count have been to the injury, detriment and irreparable harm to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff STACHE PRODUCTS, LLC demands judgment and relief against Defendant TK Vienna Inc. dba Tobacco King & Vape and respectfully requests that the Court:

A. Enter a finding of willful patent infringement against Defendant under the patents asserted in this Complaint;

B. Permanently enjoin Defendant from committing patent infringement;

C. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

D. Award in favor of Plaintiff and against Defendant an enhancement of damages;

E. Find that this is an exceptional case;

F. Award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G. Award Plaintiff its costs against Defendant;

H. Plaintiff be awarded pre- and post-judgment interest; and

I. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 2, 2023                    Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Pennsylvania Bar Number: 325562
joseph.dunne@sriplaw.com

**SRIPLAW**
175 Pearl St.,
3rd Floor
Brooklyn, NY 11201
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Stache Products, LLC*